IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-0796** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| FRANKLIN J. TENNIS, et al., | : | |
| Defendants | : | |

---

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-1404** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

*A. Civil Action 4:CV-08-0796*

On April 29, 2008, Plaintiff, John R. Oliver, currently an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, filed, *pro se*, a civil rights action pursuant to 42 U.S.C. § 1983, which was docketed to Civil Action No. 08-0796.  Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since he was an inmate in the Middle District of Pennsylvania, his claims related to his confinement in the Middle District of Pennsylvania, and all Defendants except one (Beard) were employed at the

prison located in the Middle District of Pennsylvania.  Plaintiff also filed a Motion to proceed *in forma pauperis* Motion.  (Doc. 2).

Plaintiff essentially claimed that Defendants were deliberately indifferent to his serious medical needs at SCI-Rockview for his right wrist after he fell on a tray while working in the prison tray room on January 18, 2008.  Plaintiff also claimed that Defendant Lamas failed to address his concerns over safety issues he raised about the prison tray room prior to his fall.

Plaintiff named the following eight (8) Defendants in his 08-0796 action:  Jeffery A. Beard, Secretary of the Pennsylvania Department of Corrections ("PA DOC"); Franklin J. Tennis, Superintendent of SCI-Rockview; Mr, Capparelle, Supervisor of Culinary at SCI-Rockview; Mr. Jedrededzedek, culinary worker at SCI-Rockview; Marirosa Lamas, ex-Deputy Secretary of Centralized Services  at SCI-Rockview; Mr. Winkleman, culinary captain at SCI-Rockview; Dr. Symmons,[1] prison doctor at SCI-Rockview; and Mr. Sowash, Supervisor of Culinary at  at SCI-Rockview. (Doc. 1, pp. 1-2).  Plaintiff also named three John Doe Defendants and one Jane Doe Defendant.

On May 12, 2008, we issued a Report and Recommendation ("R&R") in Civil Action No. 08-0796 (Doc. 7) wherein we recommended that the case be dismissed as to all claims against Defendants Beard, Tennis, Jedrejedzedek, Sowash, Winkleman, Capparelle and Lamas pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  We recommended that the four Doe Defendants be dismissed without prejudice and that the matter be allowed to proceed with respect to Plaintiff's Eighth

---

[1] Plaintiff also spells Dr. Symmons' name as "Symons" and "Symen."  Once Dr. Symmons responds to Plaintiff's Complaint in case number 08-0796, we will use the correct spelling of this Defendant's name.

Amendment claim for denial of proper medical care with respect to his right wrist injury against Defendant Dr. Symmons. (Doc. 7).

On June 16, 2008, the District Court adopted our R&R in Case No. 08-0796, directed service of the Complaint upon only Defendant Symmons, and remanded the matter to the undersigned for further proceedings. (Doc. 14). No return of service has yet been filed with respect to Defendant Symmons.

*B. Civil Action No. 4:CV-08-1404*

On July 28, 2008, Plaintiff filed, *pro se*, a second civil rights action pursuant to 42 U.S.C. § 1983, which was docketed to Civil Action No. 08-1404, M.D. Pa. Plaintiff names as Defendants in his 08-1404 action Jeffery A. Beard, Secretary of the Pennsylvania Department of Corrections ("PA DOC"); Franklin J. Tennis, Superintendent of SCI-Rockview; Mr. Capparelle, Supervisor of Culinary at SCI-Rockview; Mr. Jedrededzedek, culinary worker at SCI-Rockview; Marirosa Lamas, ex-Deputy Secretary of Centralized Services at SCI-Rockview; Mr. Winkleman, culinary captain at SCI-Rockview; and Mr. Sowash, Supervisor of Culinary at SCI-Rockview. (Doc. 1, pp. 1-2).[2] Plaintiff did not name Defendant Symmons as a Defendant in his 08-1404 case.

In his 08-1404 action, Plaintiff again raises essentially the same claims against most of the same Defendants as he raised in his recent 08-0796 case, *i.e.*, he claims that Defendants were deliberately indifferent to his serious medical needs at SCI-Rockview for his right wrist injury he

---

[2] In his caption of his 08-1404 Complaint, Plaintiff also names "1 John Doe" as a Defendant, but he does not state this Defendant on page 2 of his Complaint when he lists all of his Defendants. (Doc. 1, pp. 1-2). Nor does Plaintiff state any personal involvement of the John Doe Defendant in his Statement of Claim Section of his Complaint. (*Id.*, pp. 2-2A). Thus, Plaintiff fails to state any claim against Defendant "1 John Doe" in his case number 08-1404 Complaint.

3

sustained after he fell on a tray while working in the tray room at SCI-Rockview on January 18, 2008. Plaintiff also again claims that Defendant Lamas failed to address his concerns over safety issues he raised about the prison tray room prior to his fall. Plaintiff further again alleges that prison staff failed to fix the problem in the tray room and that staff continue to ignore the problem, despite being told of the "possible impending harm because of that problem." (*Id.*, p. 2).

Plaintiff also filed an *in forma pauperis* Motion with his case number 08-1404. (Doc. 2). We now screen Plaintiff's Complaint in case number 08-1404 under the Prisoner Litigation Reform Act ("PLRA") and find that it raises substantially similar claims as Plaintiff's recent 08-0796 case, and that it names almost all of the same Defendants. Thus, we shall recommend that Plaintiff's 08-1404 case be consolidated with his 08-0796 case, and that all Defendants named in his 08-1404 case be dismissed based on the District Court's June 16, 2008 Order entered in Plaintiff's 08-0796 case.

**B. Discussion.**

Rule 42(a) of the Federal Rules of Civil Procedure states that:

When actions involving a common question of
law or fact are pending before the court, it
may order a joint hearing or trial of any or all
the matters in issue in the actions consolidated;
and it may make such orders concerning proceedings
therein as may tend to avoid unnecessary costs
or delay.

Both of Plaintiff's recent cases have been reviewed, and we find that that they involve common questions of law and fact. All of the Defendants named in Plaintiff's 08-1404 action were already named in his 08-0796 case and were dismissed by the District Court. Plaintiff raises the

4

same claims in both cases. Further, based upon the reasoning in our May 12, 2008 R&R in Civil Action No. 08-0796 (Doc. 7), and the District Court's June 16, 2008 Order, we recommend that Plaintiff's claims in his 08-1404 case against all named Defendants therein be dismissed.

**III. Recommendation.**

Accordingly, pursuant to Rule 42(a), it is respectfully recommended that the above cases be ordered consolidated, that Plaintiff's Motion for *in forma pauperis* in Case No. 08-1404 (Doc. 2) be granted solely for the purpose of filing this action, that Case Number 08-1404 be closed, and that the matters proceed under Civil Action Number 4:CV-08-0796. It is recommended that all of Plaintiff's claims in his 08-1404 Complaint against all named Defendants therein be dismissed based on the District Court's June 16, 2008 Order issued with respect to Plaintiff's 08-0796 Complaint. It is further recommended that the consolidated matter be remanded to the undersigned for further proceedings as against only remaining Defendant Dr. Symmons.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: August 5, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-0796** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| FRANKLIN J. TENNIS, et al., | : | |
| Defendants | : | |

---

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-1404** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 5, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which

objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                               s/ Thomas M. Blewitt  
                                               **THOMAS M. BLEWITT**  
                                               **United States Magistrate Judge**

**Dated: August 5 , 2008**